# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK PALMER**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 18-688-SDD-EWD**

**H&E EQUIPMENT SERVICES, L.L.C.**
 **& AMHERST MADISON, INC.**

## NOTICE AND ORDER

 This is a civil action involving claims for damages based upon the injuries allegedly sustained by Derrick Palmer ("Plaintiff") on November 7, 2017 when Plaintiff was welding on a barge owned by Defendant, Amherst Madison, Inc. ("Amherst"), as an alleged Jones Act seaman and employee of Defendant, H&E Equipment Services, L.L.C. ("H&E")(collectively, "Defendants").[1]  On or about June 6, 2018, Plaintiff filed his Original Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2]  Plaintiff alleges that he suffered burns to his face, inner ear, and nostrils after the weld job "flared" in a confined space due to Defendants' failure to set up the proper equipment.[3] On July 13, 2018, Defendant Amherst removed the matter to this Court explicitly asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4]

 The Notice of Removal makes the following allegations regarding the citizenship of the parties:

---

[1] R. Doc. 1-1.
[2] R. Doc. 1-1.
[3] R. Doc. 1-1, ¶ 4.
[4] R. Doc. 1, ¶ VII.  Amherst avers that H&E consents to the removal.  *Id*. at ¶ VII.  It is unclear if H&E appeared in the state court proceeding prior to removal.

### III.

Defendant, Amherst Madison, Inc. is a corporation, organized and existing under the laws of the State of Indiana, with its primary place of business in the State of West Virginia.

### IV.

Plaintiff, Derrick Palmer, is a Louisiana citizen.

### V.

This action is a personal injury suit, seeking judgment for damages Plaintiff alleges arise from work for H&E Equipment during ship repairs. Contrary to the allegations of the Petition, plaintiff's suit against H&E Equipment is exclusively governed by the Longshore Harbor Worker's Compensation Act 33 U.S.C. 3901 et seq., and H&E Equipment is tort immune. Upon information and belief, plaintiff has joined H&E Equipment as a co-defendant in an attempt to destroy diversity.[5]

### VI.

Plaintiff is not the employee or borrowed employee of Amherst Madison, Inc. Any claim against Amherst Madison arises under the general maritime law, not the Jones Act.

### VII.

Amherst Madison, Inc. submits that the alleged Jones Act claims have been fraudulently pled, and H&E Equipment included as a defendant to prevent removal of this claim on the basis of diversity, 28 U.S.C. § 1332.[6]

The Original Petition for Damages asserts that Plaintiff is entitled to recover the following damages: "past and future pain, suffering and mental anguish; past and future physical impairment; past and future physical disfigurement; past lost wages and future loss of earning capacity."[7] The

---

[5] Plaintiff's Petition merely alleges that H&E is a "Louisiana company." R. Doc. 1-1, ¶ 2.
[6] R. Doc. 1, ¶¶ III-VII.
[7] R. Doc. 1-1, ¶ 5.

Petition also contains a demand for a jury trial[8] and the prayer for relief seeks judgment against Defendants "in a total sum in excess of the minimum jurisdictional limits" of the state court.

Citizenship has been adequately alleged as to Plaintiff and Amherst and these parties appear to be diverse.[9] However, the Petition and the Notice of Removal do not contain sufficient allegations regarding the amount in controversy. Therefore, it is not apparent from the face of the Petition or Notice of Removal that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a).

Proper information regarding the amount in controversy is necessary to establish the Court's diversity jurisdiction.[10] The Notice of Removal contains no allegations regarding the amount in controversy. Plaintiff's Petition only generally refers to Plaintiff's injuries as consisting of burns to his face, inner ear, and nostrils, and makes only boilerplate recitations regarding the items of damages recoverable as past and future damages for pain, suffering, and mental anguish, physical impairment and disfigurement, and lost wages and earning capacity.[11] These general allegations do not contain enough information regarding the actual injuries, or the nature of the injuries, Plaintiff allegedly sustained as result of the incident, whether surgery is recommended for Plaintiff, whether Plaintiff has received and/or continued treatment, or the amount of expenses Plaintiff has incurred/amount of wages Plaintiff has lost thus far. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK*

---

[8] R. Doc. 1-1, ¶ 6.
[9] R. Doc. 1, ¶¶ III-IV.
[10] *See* 28 U.S.C. §1332(a).
[11] R. Doc. 1-1, ¶¶ 4-5.

*& T Wings, Inc.*, Civ. A. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein. Further, although Plaintiff demands a jury trial and prays for relief in excess of the minimum jurisdictional limits of the state court, which the undersigned reads as indicating Plaintiff admits his damages exceed $50,000,[12] those allegations are not sufficient to determine if Plaintiff's damages are likely to exceed $75,000, exclusive of interest and costs, given the complete lack of specific information regarding the amount in controversy contained in either the Petition or in the Notice of Removal. It is thus unclear from the Petition and the Notice of Removal whether the amount in controversy requirement is met.

Additionally, although Amherst explicitly premises this Court's subject matter jurisdiction on 28 U.S.C. § 1332, it is not clear whether federal question subject matter jurisdiction over this suit may also exist.[13] Per the Notice of Removal, Amherst alleges that any claim Plaintiff may have against Amherst "arises under the general maritime law," (but not the Jones Act). The Fifth Circuit has held that, "Admiralty jurisdiction of a tort claim depends on whether the plaintiff can establish a maritime tort. That inquiry is essentially fact-bound, turning on a determination of the location of the tort, the situs factor, and the pertinent activity, the nexus factor." *Richendollar v. Diamond M Drilling Co.*, 819 F.2d 124, 127 (5th Cir. 1987). Thus, the alleged tort must occur on navigable waters and the "wrong [must] bear a significant relationship to traditional maritime activity." *Id.* (quoting *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972)). Plaintiff has not addressed either of the factors required for this Court to exercise admiralty jurisdiction under 28 U.S.C. § 1333(1). Further, the Notice of Removal

---

[12] The right to a jury trial in Louisiana generally requires a cause of action that exceeds $50,000, exclusive of interest and costs. La. Code Civ. P. 1732.
[13] R. Doc. 1, ¶ VI.

alleges that the claims against the other defendant, H&E, arise under the Longshore Harbor Worker's Compensation Act, a federal statute.[14]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity and/or admiralty jurisdiction in this matter. *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant, Amherst Madison, Inc., shall file a memorandum and supporting evidence concerning subject matter jurisdiction within ten (10) days of the date of this Notice and Order, which shall address whether this Court has diversity or federal question subject matter jurisdiction, as well as the basis for the exercise of such jurisdiction. In response, Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction, or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendant's memorandum.

The supplemental memoranda shall be limited to ten (10) pages and shall specifically address the issues raised in this Notice and Order. Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on August 9, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] R. Doc. 1, ¶ V.