# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRICK PALMER**  **CIVIL ACTION**

**VERSUS**  **NO. 18-688-SDD-EWD**

**H&E EQUIPMENT SERVICES, L.L.C.**
**& AMHERST MADISON INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 28, 2018.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK PALMER**                                             **CIVIL ACTION**

**VERSUS**                                                             **NO. 18-688-SDD-EWD**

**H&E EQUIPMENT SERVICES, L.L.C.**
**& AMHERST MADISON INC.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is "Plaintiff's Memorandum Regarding Show Cause Order," filed by plaintiff Derrick Palmer ("Plaintiff"). The pleading also presents argument and authority in support of remanding this case, and therefore the Court will consider it as a Motion to Remand (hereinafter, the "Motion").[1] Removing Defendant Amherst Madison, Inc. ("Amherst") does not oppose remand.[2] For the following reasons, the undersigned recommends[3] that the Motion be **GRANTED** and that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1333.

### Factual and Procedural Background

On or about June 6, 2018, Plaintiff filed an Original Petition for Damages ("Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana,

---

[1] R. Doc. 18.

[2] R. Doc. 20. Both Amherst and H&E Equipment, Inc. (which is not the H&E entity sued by Plaintiff but is the H&E entity that filed an answer in this matter) contend that either H&E Equipment, Inc. and/or named Defendant H&E Equipment Services, L.L.C. ("H&E") were fraudulently joined. R. Doc. 1, ¶¶ V, VII, and R. Doc. 6, p. 3.

[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, No. 14-30925, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.

seeking damages for the injuries he sustained on November 7, 2017 while welding on a barge owned by Defendant Amherst, as an alleged Jones Act seaman and employee of Defendant H&E (collectively, "Defendants").[4] Plaintiff alleges he suffered burns to his face, inner ear, and nostrils after the weld job "flared" in a confined space due to Defendants' failure to set up the proper equipment.[5] Plaintiff seeks to recover the following damages: "past and future pain, suffering and mental anguish; past and future physical impairment; past and future physical disfigurement; past lost wages and future loss of earning capacity."[6] The Petition also contains a demand for a jury trial[7] and the prayer for relief seeks judgment against Defendants "in a total sum in excess of the minimum jurisdictional limits" of the state court.[8]

On July 13, 2018, Amherst removed the matter to this Court explicitly asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[9] Amherst alleged that diversity existed between Plaintiff, a Louisiana citizen, and Amherst, an Indiana corporation with its primary place of business in West Virginia.[10] Amherst asserted that Defendant H&E, Plaintiff's employer, is tort immune from Plaintiff's claims for personal injuries received while working on a vessel because those claims are exclusively governed by the Longshore Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. 3901 *et seq*. Thus, Amherst argued that H&E was fraudulently joined

---

[4] R. Doc. 1-1.
[5] R. Doc. 1-1, ¶ 4.
[6] R. Doc. 1-1, ¶ 5.
[7] R. Doc. 1-1, ¶ 6.
[8] *Id*. at ¶¶ 6-7.
[9] R. Doc. 1, ¶ VII. Amherst averred that H&E consented to the removal. *Id*. at ¶ VII. It is unclear if H&E appeared in the state court proceeding prior to removal.
[10] R. Doc. 1

to destroy diversity.[11]  Amherst also asserted that, contrary to Plaintiff's Petition, any claims against Amherst are based on general maritime law and not the Jones Act.[12]

After reviewing the Notice of Removal and the information contained in the record, the undersigned could not determine whether the requisite amount in controversy was met in this case. As such, the undersigned issued a Notice and Order on August 9, 2018, raising the issue of subject matter jurisdiction *sua sponte* and requiring the parties to submit memoranda focused on the issue of whether the requisite amount in controversy was met.[13]  On August 20, 2018, Amherst filed its Memorandum Regarding Subject Matter Jurisdiction ("Original Memorandum").[14]  Therein, Amherst alleged that the Court had jurisdiction based on both diversity and admiralty.

In support of its burden to show that the amount in controversy requirement is met, Amherst claimed that, on the date of the accident, Plaintiff was welding aboard a crane barge owned by Amherst that was floating in the Ohio River and tied to Amherst's dock.  Plaintiff's alleged negligence caused a flash fire during his welding operations that caused Plaintiff to sustain first and second degree burns to his face, inner ear, and nostrils.[15]  Amherst averred that it knew little about Plaintiff's medical condition because it is not his employer and no discovery has been conducted, but claimed that, on information and belief, Plaintiff was not working and was continuing to receive medical treatment, including evaluation for plastic surgery. Amherst further alleged that Plaintiff had not been working for nine months and had estimated back wages of

---

[11] R. Doc. 1, ¶¶ V, VII.  It is unclear which H&E entity is the correct defendant in this case and whether either one is diverse.  On July 20, 2018, H&E Equipment, Inc. filed an answer in this Court, and averred that it is a fraudulently-joined corporation organized in Delaware registered to do business in Louisiana. R. Doc. 6, pp. 2-3.  There are no allegations in the record regarding H&E Equipment, Inc.'s principal place of business or H&E Equipment Services, L.L.C.'s members, as is required to properly plead citizenship.  However, as discussed *infra*, ultimately the citizenship of these entities is irrelevant because Amherst has failed to establish that the amount in controversy requirement is met.
[12] *Id.* at ¶ VI.
[13] R. Doc. 11.
[14] R. Doc. 15.
[15] R. Doc. 15, p. 1.

3

$40,000, without considering overtime. Amherst contended that the general and special damages set forth in Plaintiff's Petition (*i.e.*, past and future medical expenses, past and future pain, suffering and mental anguish, past and future physical impairment, and past and future lost wages, etc.) "typically" exceeds the jurisdictional amount. Amherst also claimed that Plaintiff would agree that his damages exceed $75,000 and would not stipulate to a legal certainty that his damages do not exceed that amount.[16]

Next, Amherst contended that this Court has admiralty jurisdiction over this matter under 28 U.S.C. § 1333 because, under applicable case law and as supported by an unsworn declaration under penalty of perjury, the required situs and nexus requirements are met.[17] Specifically, Plaintiff was injured while performing work repairing a crane aboard a barge that was floating in the Ohio River, and repairing a vessel on navigable waters is a traditional maritime activity.[18]

On September 17, 2018, Plaintiff filed his Memorandum Regarding Order to Show Cause, wherein he asserted the grounds supporting the Motion currently at issue.[19] Plaintiff contends that the Court lacks diversity jurisdiction because the amount in controversy requirement is not met.[20] In support of this contention, Plaintiff filed a Stipulation, wherein he stipulates that he will not seek, demand, or accept more than $75,000 in this case.[21] Plaintiff also contends that complete diversity does not exist, since H&E, his Jones Act employer, is a resident of Louisiana.[22] Plaintiff also contends that, even though Amherst correctly states Plaintiff was engaged in a traditional

---

[16] R. Doc. 15, pp. 3-5.
[17] R. Doc. 15, p. 4 and R. Doc. 15-1.
[18] R. Doc. 15, pp. 4-5.
[19] R. Doc. 18. Plaintiff's counsel was ordered to complete the required steps to become admitted to practice before this Court and was ultimately admitted to practice on or about August 20, 2018. During this period, Plaintiff claims he inadvertently failed to timely file the Court-ordered memorandum regarding subject matter jurisdiction because of inexcusable neglect. R. Doc. 18, p. 2.
[20] R. Doc. 18, pp. 3-4.
[21] R. Doc. 18-1, p. 2.
[22] R. Doc. 18, p. 4. As mentioned previously, it is unclear what H&E's citizenship is (and which H&E entity is the correct defendant).

maritime activity, it is "well-established" that general maritime claims under the Savings to Suitors Clause and claims under the Jones Act are not removable.[23] Relying on a number of U.S. Supreme Court, Fifth Circuit, and District Court cases supporting the foregoing arguments, Plaintiff asserts that this Court lacks admiralty jurisdiction as well.[24]

In light of the remand arguments raised in Plaintiff's Motion, on September 18, 2018, this Court ordered Amherst to file either a notice consenting to remand or a supplemental brief addressing Plaintiff's arguments.[25] Accordingly, on September 19, 2018, Amherst filed its Supplemental Memorandum Regarding Subject Matter Jurisdiction ("Supplemental Memorandum"), wherein Amherst concedes that Plaintiff's Stipulation establishes that the amount in controversy requirement is not met, and further, consents to the entry of an order by this Court remanding this matter.[26]

---

[23] R. Doc. 18, pp. 5-8.
[24] *Id.*
[25] R. Doc. 19.
[26] R. Doc. 20, p. 1. Despite the foregoing acknowledgement and consent to remand, Amherst also briefly addresses Plaintiff's other arguments as well. Amherst continues to contend that Plaintiff's claims against H&E should be raised before an administrative tribunal pursuant to the LHWCA. R. Doc. 20, p. 2. Moreover, Amherst also contends that, based on H&E's discovery responses, Plaintiff did not spend enough time aboard vessels to be considered a Jones Act seaman under controlling case law and thus Plaintiff has no Jones Act claim against either H&E or Amherst. R. Doc. 20, p. 3. (As such, Amherst appears to argue there is no bar to removal based on the presence of a Jones Act claim (because such claims are generally held non-removable if they are not fraudulently pled). *See Sheldon v. C&C Fishery, LLC,* No. 16-16293, 2017 WL 3033797, at *8 (E.D. La. July 18, 2017) (citations omitted)). *See also* R. Doc. 6, p. 3, wherein H&E contends that Plaintiff was not a Jones Act seaman. However, Amherst's Original Memorandum does not meet the "heavy burden" of proving that Plaintiff fraudulently pled a Jones Act claim (*i.e.*, proving that there is *no possibility* that Plaintiff can establish a cause of action under the Jones Act, when all disputed questions of fact must be resolved in favor of Plaintiff. *Sheldon, id.* at **13-15.). Further, while Amherst initially asserted that this Court has admiralty jurisdiction on the basis of Plaintiff's general maritime claims, Amherst's Supplemental Memorandum does not address Plaintiff's arguments against the removal of his general maritime claims, which arguments are thus unopposed. A review of applicable precedent indicates that the current majority view holds that general maritime claims are not removable in the absence of another independent jurisdictional basis. *Harrold v. Liberty Ins. Underwriters*, No. 13-792, 2014 WL 5801673 (M.D. La. Nov. 7, 2014), *3 *and Langlois v. Kirby Inland Marine, LP,* No. 15-608, 139 F.Supp.3d 804, 816 (M.D. La. Oct. 15, 2015). Therefore, it appears that admiralty jurisdiction also does not exist.

**Applicable Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, No. 08-208, 250 F.R.D. 273, 274, 2008 WL 544378, (E.D. La. Feb. 21, 2008) (*citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)). The removing party may make this showing in either of two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by

6

affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If the removing defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g., Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002) and *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995).

Here, Amherst, the removing defendant, has not met its "burden to show that the jurisdictional amount is facially apparent for the present purposes, nor . . . made a showing sufficiently particularized to meet [their] burden." *Becnel v. State Farm Fire & Cas. Co.*, No. 07-6742, 2007 WL 4570821, at *1 (E.D. La. Dec. 26, 2007). In his state court Petition and Motion, Plaintiff alleges that he sustained bodily injuries to his face, inner ear, and nostrils as a result of a flash fire, and generally alleges that his claims exceed the minimum jurisdictional limits of the state court.[27] While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to his alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000.

Additionally, Amherst has not shown by a preponderance of the evidence that the amount in controversy is likely to exceed $75,000 in this case. Amherst originally only asserted that Plaintiff has approximate lost wages of $40,000, which, coupled with Plaintiff's other damage claims, could potentially exceed $75,000.[28] Importantly, in its Original Memorandum, Amherst asserted that Plaintiff would agree that his damages exceed the jurisdictional minimum and

---

[27] R. Doc. 1-1, ¶¶ 4, 7 and R. Doc. 18, p. 2.
[28] R. Doc. 15, p. 3.

Plaintiff could not show to a legal certainty that they are not in excess of that amount.[29] However, Plaintiff subsequently refuted the former allegation when he filed a Stipulation that expressly states that he "has no intention of requesting, demanding, or accepting more than $75,000," and "will not, under any circumstances, seek, request, demand, or accept more than $75,000 as total damages of any kind or nature in this case."[30] Post-removal stipulations may only be considered if the basis for jurisdiction is ambiguous at the time of removal. *Espinoza v. Allstate Texas Lloyd's,* 222 F. Supp. 3d 529, 538 (W.D. Tex. 2016) *citing Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). In this case, the basis for jurisdiction was ambiguous at the time of removal, which is why the Court ordered the parties to submit supplemental briefing on the issue of subject matter jurisdiction in the first instance. Thus, this Court can consider Plaintiff's post-removal Stipulation, which the Court finds unambiguous and binding on Plaintiff.

In light of the uncertainty of the amount in controversy in the Petition and Notice of Removal, Amherst's failure to establish that the amount in controversy requirement is satisfied (and Amherst's subsequent acknowledgement that amount in controversy is not satisfied in Amherst's Supplemental Memorandum), and Plaintiff's Stipulation that the amount in controversy does not exceed $75,000, the undersigned recommends that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.[31] *See Eakels v. Allstate Insurance Co*., No. 10-657, 2011 WL 289824, *1 (M.D. La. Jan. 3, 2011) (recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiff stipulated that her of damages were less than $75,000), *report and recommendation adopted*, 2011 WL 289669, (M.D.

---

[29] *Id*. at p. 4.
[30] R. Doc. 18-1.
[31] *See* the discussion *supra* regarding admiralty jurisdiction.

La. Jan. 25, 2011). As previously discussed, the removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## Conclusion

Based on the foregoing, removing Defendant Amherst Madison, Inc., has not met its burden of proving that the Court has subject matter jurisdiction over the claims asserted by the Plaintiff based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Specifically, Amherst Madison, Inc., has failed to submit sufficient evidence to establish that the requisite amount in controversy has been met in this case.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Plaintiff's Motion to Remand[32] should be **GRANTED** and that this matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, September 26, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] R. Doc. 18.